SULLIVAN, Senior Judge
(concurring in part and dissenting in part):
I would affirm the findings and sentence in this case. I agree with the majority opinion regarding the sufficiency-of-evidence question (Issue III) and the admission of the expert witness’s testimony (Issue VI). However, I disagree with the majority’s handling of the disqualification issues (Issues I and *86 II). In my view, the military judge did not err by choosing not to disqualify himself, nor did the Army Court err by affirming that decision. Additionally, the erroneous instruction (Issue TV) did not constitute plain error, and the “exculpatory” evidence (Issue V) was not material.
In assessing whether the judge should have recused himself under RCM 902(a), Manual for Courts-Martial, United States (1995 ed.), the majority claims that the judge’s behavior in this case put the court-martial’s “legality, fairness, and impartiality” in doubt. 56 MJ at 78. I agree that the military judge behaved inappropriately in this case by interjecting himself into a dispute with the witnesses; however, appellant has not shown any prejudice with respect to the offenses for which he was convicted. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 862, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)(examining violations of the federal recusal statute, 28 USC § 455(a), for harmless error); see also Article 59(a), UCMJ, 10 USC § 859(a). As the lower court recognized, the judge’s confrontation with Mr. Bernstein “played directly into the defense’s theory” that Bernstein was a “manipulator.” See United States v. Quintanilla, 52 MJ 839, 855 (Army Ct.Crim.App.2000). More importantly, appellant was found not guilty of the offenses against the two civilians whom Mr. Bernstein was supporting at this court-martial.
Finally, although the majority did not resolve it, I would face the issue of whether the Government’s failure to disclose a potentially exculpatory statement violated appellant’s due process rights (Issue V). According to the Supreme Court, “[government suppression of] evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); see also RCM 701(a)(6). In order to comply with the materiality component of the Brady doctrine, the Supreme Court examines whether “the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.” Strickler v. Greene, 527 U.S. 263, 290, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (quoting Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)); see also United States v. Williams, 50 MJ 436, 440 (1999). At issue in this case is a statement made by Mr. Bernstein, a government witness, upon learning that he had been subpoenaed, that he would “testify for the defense, and tell the court everything was made up.” Defense Appellate Exhibit E.
The failure to disclose Mr. Bernstein’s statement was not material, as I show below, and would not “undermine confidence in the verdict.” See Strickler, supra. Assuming arguendo that Bernstein had indeed invented the entirety of his testimony, his fabrications would not have affected the credibility of the victims. First of all, Mr. Bernstein had no connection with the two military victims. Also, appellant was acquitted of the charges involving two civilian victims, Bennett and Sweeney, supposedly in Mr. Bernstein’s “control.” While appellant was convicted of charges related to the third civilian victim, Welton, Mr. Bernstein had minimal contact with him; Welton discussed the allegations with his father, never with Mr. Bernstein. See Quintanilla, 52 MJ at 841.